PREPAYMENT CAR SALES CO. v. ORANGE COUNTY TRACTION CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 219.

1. PATENTS (§ 278*)—ACTION FOR INFRINGEMENT—REVIEW ON WRIT OF ERROR.
    On trial to the court of an action at law for infringement of a patent involving a number of claims, the court found certain of the claims void for lack of patentable invention, and without passing on the validity of the other claims held them not infringed. *Held,* that the appellate court on writ of error was not limited to a review of the decision of the trial court on the question of infringement, but might consider both that question and the question of the validity of the remaining claims, in the light of the decision of the trial court as to the claims passed on.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 436; Dec. Dig. § 278.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PASSENGER CAR.
    A judgment for defendant in an action for infringement of the Rowntree patent, No. 935,929, for a passenger car of the so-called "pay as you enter" class, tried to the court, affirmed,

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the District Court, Eastern District of New York in favor of defendant in error, which was defendant below. The opinion of Judge Veeder will be found in 214 Fed. 402.

S. E. Darby and Walter C. Noyes, both of New York City, for plaintiff in error.

C. P. Byrnes, of Pittsburgh, Pa., for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. This is an action at law for infringement of United States patent No. 935,929, granted October 5, 1909, to Harold Rowntree for a passenger car of the so-called "pay as you enter" class; it is referred to in the briefs as a "pay within" car for the reason that the conductor and the box for the deposit of fares are so located that the "conductor can readily and easily collect the fares from a point inside the car from the passengers as they enter the car."

The trial began before a jury, but by stipulation (in conformity with the statute) was continued and concluded before the judge. This does not change the situation; the findings and conclusions of the court take the place of the jury's verdict, and are to be accorded the same measure of conclusiveness as to all facts in controversy that a verdict would have.

There are 16 claims; those relied on are Nos. 3 to 16. The trial court held on a voluminous record containing much prior art and conflicting testimony of experts; that claims 3, 4, 5, and 6 could not be sustained because the combination which they covered did not disclose patentable novelty. That was a finding of fact. To this finding of fact error was specifically assigned, but counsel for plaintiff in er-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ror has chosen not to argue these assignments, stating on the oral argument that upon the record he did not think he could sustain them. It must be taken then as settled here that the combination set forth in each and all of these four claims does not disclose patentable invention.

As to claims Nos. 7 to 16, inclusive, the trial judge held that they embodied elements in construction, combination, location, and relative arrangement of parts which differentiate them from the elements present in defendant's structure and held them not to be infringed, without making any finding as to each specifically whether it was or was not valid. This is assigned as error, and the assignment has been argued here.

[1] It seems to be contended that on the question of infringement, this court is confined to a comparison of defendant's structure with the text of the several claims; that we may not construe them in the light of the specifications, of the prior art and of the finding of fact as to nonpatentability of the structure disclosed in claims 3, 4, 5, and 6. We do not concur in this view of the practice on writ of error. If the other claims of the patent were found to disclose nothing different from the particular combination covered by claims 3 to 6, inclusive, which disclose no patentable novelty, it would be an intolerable practice to send the whole cause back for a new trial, merely because the trial judge has made no separate specific findings as to the nonpatentability of claims 7 to 16, inclusive. If it were necessary to take up these last-named claims and compare them with defendant's structure the court of review in construing them would, of course, be guided by the conclusion reached as to the patentability of the device disclosed by claims 4 to 6.

[2] We find it unnecessary, however, to go into any discussion as to the details of the several claims or of defendant's structure. When a patent cause is tried before a jury and the testimony is closed, the court is not bound, under all circumstances, to send it to the jury on the question whether or not the combination of the patent discloses patentable invention. Although invention is generally spoken of as a question of fact, it does not necessarily follow that it must always be sent to the jury; other questions of fact arising in actions at law are frequently disposed of by the court, when upon the whole case the judge is satisfied that a verdict different from his own conclusion, if rendered, would have to be set aside. We are satisfied that this is the situation in the case at bar. Judge Veeder has very fully discussed the prior art; it is unnecessary to review it here. In such prior art are found passenger cars having a main car body space and a vestibule opening unobstructedly into each other, with a movable door in the side of the vestibule and means for operating the same from a point distant from the door; sometimes this point of control was in one place, sometimes in another; sometimes it was operated by the conductor, sometimes by the motorman. All that Rowntree seems to have evolved was a place for the conductor to stand (the conductor operating the means of control of the door) where he could see into the car and be seen by the passengers therein. The case is

closely parallel to the one considered by us in Fowler v. City of New York, 121 Fed. 747, 58 C. C. A. 113, involving the "island stations" in the subway; it is clearly within the decisions in Fond du Lac County v. May, 137 U. S. 395, 11 Sup. Ct. 98, 34 L. Ed. 714, and Aron v. Manhattan Railway Company, 132 U. S. 84, 10 Sup. Ct. 24, 33 L. Ed. 272. Since we are clearly of the opinion that the trial judge (had the jury continued to sit) could properly have directed a verdict for defendant at the close of the case, there can be no error found in his making a similar disposition of the case when tried before himself without a jury, finding, as the judgment states "a verdict in favor of defendant" on the whole case, although in his opinion he discussed some of the claims from the viewpoint of patentability and others from the viewpoint of infringement.

We may add that we have examined claims 7 to 16, and if it be possible to construe them so narrowly that they might cover some minor details sufficiently distinctive to be patentable, they would be not infringed by defendant's structure.

The judgment is affirmed.